IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
                                        :

GEORGE COREY                        :               3:14 CV 1266 (JAM)
                                        :

V.                                             :
                                        :

PATRICK HAWES ET AL.         :               DATE: MAY 29, 2015
                                        :
------------------------------------------------------------X

SUPPLEMENTAL ORDER REGARDING EVIDENTIARY HEARING

On September 4, 2014, plaintiff George Corey, appearing <u>pro se</u>,[1] filed his Complaint (Dkt. #1), followed by an Amended Complaint, filed December 31, 2014 (Dkt. #12) against six defendants: Patrick Hawes, who is a State Police Officer assigned as a Resident State Trooper to the Town of East Haddam; Patricia Williams and George W. Crouch, Jr., who are plaintiff's neighbors in East Haddam; the Town of East Haddam; Mark Walters, who is the Chief of Police of East Haddam; and Michael Creighton, who is a police officer in East Haddam.  (At 3-4).

On February 6, 2015, plaintiff filed the pending Application for Attachments and Prejudgment Remedies (Dkt. #43) against defendants Williams and Crouch,[2] seeking an

---

[1] On March 9, 2015, plaintiff filed a Motion to Accept or Permission to Allow <u>Pro Se</u> Assistance (Dkt. #53), in which he sought the assistance of Phillip H. Inkel; three days later, U.S. District Judge Jeffrey A. Meyer granted the motion

> with the understanding that if any persons who are assisting plaintiff in the case are attorneys, then they should properly enter an appearance, and if they are not attorneys, then they may advise and assist plaintiff but may not file papers on plaintiff's behalf or otherwise purport to represent or speak on plaintiff's behalf.

(Dkt. #55).  Insofar as Inkel has not filed any appearance on plaintiff's behalf, the Court will assume that he is not an attorney.

[2] On February 26, 2015, defendants Williams and Crouch filed a Motion to Dismiss (Dkt. #48), which Judge Meyer denied in an oral ruling on April 2, 2015.  (Dkt. #74).  Defendants Crouch and Williams filed their Answers and Affirmative Defenses on April 28, 2015.  (Dkts. ##75-76).

attachment of at least $300,000.  Five days later, U.S. District Judge Jeffrey A. Meyer referred this motion to this Magistrate Judge. (Dkt. #44).

After a telephonic status conference was held on March 23, 2015 (Dkt. #61; see also Dkts. ##47, 57-58), an evidentiary hearing was scheduled for June 3-5, 2015.  (Dkt. #62). On April 30, 2015, this Magistrate Judge filed an Order Regarding Evidentiary Hearing (Dkt. #77), requiring plaintiff and defendants Crouch and Williams to file a list of his or their witnesses (with a brief description of each witness' anticipated testimony), and a list of his or their exhibits (with a brief description of each exhibit) by May 15, 2015.  On May 15, 2015, defendants Crouch and Williams filed their responses, listing six potential witnesses and twenty-one potential exhibits.  (Dkt. #85).  That same day, plaintiff filed his response (Dkt. #86), listing twenty-six potential witnesses – seven from the Connecticut State Police, four from the Town of East Haddam, two from the Connecticut Department of Environmental Protection, two from the Connecticut State's Attorney's Office in Middletown, four from the "community," these two defendants, and seven from plaintiff's family, as well as twenty-seven exhibits.

On May 27, 2015, defendants Town of East Haddam, Walter and Creighton filed Motions to Quash Subpoenas directed to Donald Angersola, the Town Fire Marshal, Karl Karabeinikoff, a town police officer, and James Ventres, a Land Use Administrator/Zoning Enforcement Officer. (Dkts. ##87-89).  On that same day, plaintiff filed his Motion for Permission to File Supplement[al] Witness List (Dkt. #90), seeking to add three more witnesses.

In her more than thirty years as a federal judicial officer, this Magistrate Judge has never had a PJR hearing with nearly thirty witnesses presented by one party.  The PJR

Application is limited to a <u>single event</u> on a snowy day on March 9, 2013, when an automobile became "stuck in the snow" in plaintiffs' right of way, which led to plaintiff's arrest that day. (Dkt. #43, at 11-12). The witness testimony and exhibits at the PJR hearing **shall be limited to the events of March 9, 2013, and plaintiff's prosecution after his arrest that day**.

Accordingly, the pending Motions to Quash Subpoenas (Dkts. ##87, 89) are <u>granted</u> with respect to Angersola and Ventres, insofar as the proffered testimony is not relevant to the limited issues at the PJR hearing, and plaintiff's Motion for Permission to File Supplement[al] Witness List (Dkt. #90) is <u>denied</u> for the same reason. The pending Motion to Quash Subpoena (Dkt. #88) is <u>denied without prejudice to renew</u>, insofar as it is not clear, at least at this juncture, whether or not Karabeinikoff was involved in plaintiff's arrest on March 9, 2013.

Dated at New Haven, Connecticut, this 29th day of May, 2015.

                                                /s/ Joan G. Margolis, USMJ
                                                Joan Glazer Margolis
                                                United States Magistrate Judge